IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY EUGENE LUCKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-04-1381-L |
| | ) |
| OKLAHOMA COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**
**CONCERNING THE MOTION TO QUASH SERVICE**

The Plaintiff is a state inmate who is appearing *pro se*, and Defendants Jordan and Ward have moved to quash the Plaintiff's service of process. The Defendants' motion should be denied.

Service of an individual can be based on the laws of the state in which the federal district court is located. *See* Fed. R. Civ. P. 4(e)(1). In Oklahoma, a plaintiff may effect service "by mailing a copy of the summons and petition by certified mail, return receipt requested and delivery restricted to the addressee." Okla. Stat. tit. 12 § 2004(C)(2)(b) (2002 supp.).

Defendants Jordan and Ward argue that Mr. Lucky had sent a copy of the summons and petition by "regular U.S. Mail," and that such a mailing is insufficient under Oklahoma law. Special Appearance and Motion to Quash Service of Process and Brief in Support on Behalf of Defendants Jordan and Ward at pp. 1-2 (Feb. 3, 2005) ("Motion to Quash"). On that ground alone, the Defendants seek to quash service.

Because Mr. Lucky did not use certified mail, he failed to comply with Okla. Stat. tit. 12 § 2004(C)(2)(b) (2002 supp.).  However, under Oklahoma law, "[s]ervice is not subject to invalidation for *any departure* from the mode prescribed by statute." *Shamblin v. Beasley*, 967 P.2d 1200, 1209 (Okla. 1999) (emphasis in original); *see also Young v. Seaway Pipeline, Inc.*, 576 P.2d 1144, 1147 (Okla. 1977) ("mere irregularities in the form of process does not render it void where such defective process 'is sufficient to advise the defendant of the nature of the case, the court in which it is filed, and his interest therein'" (citation omitted)). Instead, a party need only achieve "substantial compliance with the applicable [service] statutes under the circumstances of each case." *Kitchens v. Bryan County National Bank*, 825 F.2d 248, 256 (10th Cir. 1987) (applying Oklahoma law).

When a party claims failure to strictly comply with the statutory requirements for service, "the court must in every case determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice." *Shamblin v. Beasley*, 967 P.2d 1200, 1209 (Okla. 1999) (footnote omitted). Such notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *Id*. (footnote omitted).

Mr. Lucky's mailing was reasonably calculated to apprise Defendants Jordan and Ward of the pendency of this action.  In fact, the Defendants admit that they had received "actual notice of this lawsuit."  Motion to Quash at pp. 1-2.  Thus, Mr. Lucky's technical

violation did not offend the standards of due process, and the Court should deny the Defendants' motion to quash.

Any party may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). To object, the party must file a written objection with the Clerk of this Court by May 10, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not terminated.

Entered this 19th day of April, 2005.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge