IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY EUGENE LUCKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-04-1381-L |
| | ) |
| OKLAHOMA COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION
CONCERNING OKLAHOMA COUNTY'S MOTION TO DISMISS**

Defendant Oklahoma County has moved to dismiss based on a lack of personal jurisdiction and failure to state a claim on which relief can be granted. The Court should grant Oklahoma County's motion.

Mr. Bobby Eugene Lucky claims violation of the right to freely practice his religion at the Oklahoma State Reformatory ("OSR"). Complaint, *passim* (Oct. 18, 2004). According to Mr. Lucky, "Oklahoma County is responsible for conditions and operations at the Oklahoma State Reformatory." *Id.* at p. 2. Oklahoma County moves for dismissal on grounds that it is not properly named and that it lacks control over the OSR. Special Appearance and Motion to Dismiss and Brief in Support at pp. 1-2 (Mar. 2, 2005). The Court should grant the county's motion on these grounds.

Lack of Personal Jurisdiction

The entity designated in the complaint, Oklahoma County, was improperly named. Under Oklahoma law, the proper defendant would have been the Board of County

Commissioners of Oklahoma County. *See* Okla. Stat. tit. 19 § 4 (2001); *Green Construction Co. v. Oklahoma County*, 50 P.2d 625, 627 (Okla. 1935). Mr. Lucky's failure to name the board as the defendant prevents jurisdiction over Oklahoma County. *See Green Construction Co. v. Oklahoma County*, 50 P.2d at 627.[1]

<u>Failure to State a Claim on Which Relief Can Be Granted</u>

Even if the county had been properly sued, dismissal would have been necessary because of the failure to state a claim on which relief could be granted.

Dismissal is proper only if "it appears that the plaintiff can prove no set of facts in support . . . that would entitle [him] to relief." *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). Under this standard, dismissal of Oklahoma County is necessary because it lacks control as a matter of law over the subject-matter of the suit.

Mr. Lucky complains about events at the OSR, but this facility is owned and operated by the Oklahoma Department of Corrections, a state agency. *See* Okla. Stat. tit. 57 § 509 (2004 supp.). As a result, Oklahoma County lacks any control over the OSR.[2] *See Smith v. State of Oklahoma*, 381 P.2d 900, 903 (Okla. Crim. App. 1963) ("The property of the city or county is not property of the State of Oklahoma."); *see also Johnston v. Conner*, 236 P.2d

---

[1] The statutory requirement is binding even when the plaintiff sues in federal court. *See Gonzales v. Martinez*, ___ F.3d ___, Case No. 03-1348, slip op. at 4-5 n.7 (10th Cir. Apr. 14, 2005) (holding that an action under 42 U.S.C. § 1983 could not lie against a Colorado county based on the plaintiff's failure to follow a similar statutory requirement that a county be sued in the name of the board of county commissioners).

[2] The OSR is in Greer County, rather than Oklahoma County. *See* Okla. Stat. tit. 57 § 509 (2004 supp.).

987, 989 (Okla. 1951) ("A county being an involuntary, subordinate political subdivision of the state, created to aid in the administration of governmental affairs of said state, and possessed of a portion of the sovereignty, has no inherent powers but derives those powers solely from the state.").

### The Plaintiff's Allegations Involving Criminal Proceedings

In his response to the motion, Mr. Lucky suggests that Oklahoma County is a proper party because of constitutional violations allegedly occurring in his criminal proceedings in that county. But in the complaint, Mr. Lucky did not sue over events in his criminal proceedings. Thus, dismissal of the complaint is appropriate notwithstanding Mr. Lucky's assertion of new allegations in his response brief.[3]

---

[3] For purposes of a motion to dismiss, the Plaintiff's allegations in his response brief cannot substitute for the facts pled in the complaint. *See Fisher v. Metropolitan Life Insurance Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990) (claim raised for the first time in response to a defendant's motion for summary judgment was not properly before the district court); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").

Under certain circumstances, the response to a dispositive motion may be considered as a motion to amend. *See Viernow v. Euripides Development Corp.*, 157 F.3d 785, 790 n.9 (10th Cir. 1998). For example, a plaintiff generally should be able to pursue a valid claim even when it was not set forth in the complaint. *See Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir. 1991). But Mr. Lucky's new allegations concerning his criminal proceedings would remain premature until his conviction has been invalidated through reversal, expungement, or issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Mr. Lucky's response brief does not suggest that he has obtained reversal, expungement, or habeas relief.

### Notice of Right to Object

Mr. Lucky may object to this report and recommendation. To do so, he must file an objection with the Clerk of this Court. The deadline for objections is May 12, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

### Status of the Referral

The referral is terminated. On April 19, 2005, the undersigned recommended denial of a motion to quash by Defendants Jordan and Ward. Once the district court enters an order addressing that report, the undersigned would suggest a new referral for further proceedings.

Entered this 22nd day of April, 2005.

*/s/ Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge