IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY EUGENE LUCKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-1381-L |
| ) | |
| OKLAHOMA COUNTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Bobby Lucky is a prisoner suing for violation of his religious rights and failure to respond to his grievances. Defendants Ward and Jordan move for dismissal based in part on the Eleventh Amendment and nonexhaustion of administrative remedies. Mr. Lucky has moved for: (1) preliminary injunctive relief, discovery and a hearing; (2) intervention by the United States; and (3) abatement of the proceedings. The Court should grant the Defendants' motion and dismiss the entire action without prejudice.[1] The dismissal would moot Mr. Lucky's motions.

---

[1] The Defendants have also invoked qualified immunity. Defendants' Motion to Dismiss and Brief in Support at pp. 11-12 (Aug. 30, 2005) ("Defendants' Motion to Dismiss"). The Court need not address the issue of qualified immunity in light of the necessity of dismissal on other grounds. *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 n.5 (1998).

## **Official Capacity Claims for Damages: Immunity Under the Eleventh Amendment**

In their official capacities, Mr. Ward and Ms. Jordan are entitled to Eleventh Amendment immunity on the monetary claims for damages.[2]

The Eleventh Amendment implicates the Court's subject-matter jurisdiction. *See Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002 ) ("an assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court" (citation omitted)). On this issue, Mr. Lucky bears the burden. *See Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

In part, Mr. Lucky seeks damages from Mr. Ward and Ms. Jordan. Complaint at p. 8 (Oct. 18, 2004) ("Complaint"). However, as state employees, they enjoy Eleventh Amendment immunity on the official capacity claims for monetary relief. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984).[3] These claims should be dismissed without prejudice for lack of jurisdiction.[4]

---

[2] The Defendants do not invoke Eleventh Amendment immunity on the Plaintiff's equitable claims. *See* Defendants' Motion to Dismiss at p. 12.

[3] Immunity may be waived by the state or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

[4] Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489,
(continued...)

## All Requests for Equitable Remedies and Individual Capacity Claims for Monetary Relief:  Nonexhaustion of Available Administrative Remedies

The Plaintiff describes numerous attempts to exhaust administrative remedies,[5] which the Defendants dispute.[6] The Court need not resolve this dispute, as Mr. Lucky's description of his efforts would not suffice under federal law.

This law requires prisoners to pursue administrative relief and to plead these efforts with specificity. *See* Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000); *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-11 (10th Cir. 2003), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004). This requirement entails a duty to either "'attach[] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003) (citation omitted), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004). When the prisoner fails to comply with this duty for even a single claim, the Court must ordinarily dismiss the entire action. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-90 (10th Cir. 2004).

---

[4](...continued)
1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

[5]   Complaint at pp. 3, 6.

[6]   Defendants' Motion to Dismiss at pp. 7-10.

The exhaustion requirement entails a duty to inform officials of the nature of the prisoner's complaints. *See Peoples v. Gilman*, 109 Fed. Appx. 381, 383 (10th Cir. Sept. 23, 2004) (unpublished op.).

In the complaint, Mr. Lucky refers broadly to administrative proceedings involving complaints about his religious freedom.[7] But his current allegations are far more specific, and the complaint provides inadequate detail to permit the Court to match the claims with the administrative proceedings. *See Palozie v. Pugh*, 118 Fed. Appx. 478, 480 (10th Cir. Dec. 20, 2004) (unpublished op.) (upholding dismissal for nonexhaustion because the plaintiff's "documents [did] not necessarily match with specificity the claims raised in [his] complaint, nor [did] the documents establish [he] fully exhausted the administrative process").

For example, the Plaintiff alleges that he had submitted a request to staff for "protection of his religious freedom." Complaint at pp. 3, 6. To the Court, however, Mr. Lucky describes this "religious freedom" as the right of every religious organization:

(a).  To assemble for unhindered private or public worship.
(b).  To formulate its own creed.
(c).  To give religious instructions to its youths including preparation for ministry.
(d).  To preach its message publicly.
(e).  To receive into its membership those who desire to join.
(f).  To carry on social services, and to engage in missionary activity at home and abroad.
(g).  To organize local congregations.
(h).  To publish and circulate religious literature.

---

[7] The Court may assume *arguendo* that Mr. Lucky has exhausted his claims involving a failure to answer his requests to staff. *See* Complaint at pp. 3, 6.

4

> (i).  To control the means necessary to its mission and to secure support for its work at home and abroad.
> (j).  To cooperate and to unite with other believers at home and abroad.
> (k).  To determine freely the qualification for professional leadership of religious communities, freely naming their religious leaders at all levels and designating their work assignments.
> (l).  If incarcerated to promote fragrances, oils and incense to support bookeeping [sic] cost, and other releated [sic] religious cost.
> (m).  To be provided a camera to take photos for the chruch [sic] newspaper of inmates whos [sic] articles being published.
> (n).  To be allowed a requested staff member to process disbursments [sic] to trust fund, and inspect materials to our church who's not bias [sic] to one form of religion.

*Id.* at p. 5.

The specificity of the list contrasts sharply with the generality of Mr. Lucky's description of the administrative claims. In light of the generality of that description, the Court cannot tell whether Mr. Lucky had grieved the same claims being asserted here.[8]

This shortcoming is also illustrated in Mr. Lucky's current claims involving religious supplies. Mr. Lucky states that he had filed a request to staff, "explaining what worship materials would be needed to worship." *Id.* at p. 3. He then asks this Court to ensure his

---

[8]  Mr. Lucky specifically describes only one request to staff. In that document, the Plaintiff allegedly sought protection of the following:

> Our Goal - A fuller life for everyone
> Our Objective - Enternal [sic] progression
> Our Slogan - To live and help live
>
> We want to be competent, to be proficient, to love our fellow man, to appreciate, to be honest, to be moral, to live positively, and to be what we profess[.]

Complaint at p. 6. The alleged request would not have supplied notice of any of Mr. Lucky's specific complaints. *See supra* p. 4.

ability to possess: (1) a laptop computer, (2) a Nikon camera, (3) a scanner, (4) a printer, (5) a surge suppressor, (6) software, (7) fragrances, (8) oils, (9) incense, (10) glycerine soap, (11) unscented lotion from California, (12) a "L.C.D." thirteen-inch television, (13) a "Samsung DVD-HD 931," (14) "Phoenix Gold Cable," (15) a Bose wave radio with C.D., (16) spiritual discs and DVDs, (17) educational discs, (18) educational books, (19) supplies from "Staples and Highsmith," and (20) "eight (8) cubic feet for religious materials space" under the bunk. *Id.* at p. 7. But the Plaintiff does not tell the Court whether he had requested these items from prison officials in administrative proceedings. *See supra* p. 5.

Mr. Lucky's vague descriptions of his administrative efforts differ markedly from the specificity of the claims asserted here. Thus, the Court cannot ascertain whether Mr. Lucky has exhausted his administrative remedies with respect to the present claims.[9] Because of the vagueness of the Plaintiff's descriptions, Mr. Lucky has failed to state a valid cause of action on which relief can be granted[10] and the Court should dismiss all claims for equitable

---

[9] *See, e.g., Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1237 (10th Cir. 2005) (the plaintiff's undeveloped record concerning his attempts to exhaust administrative remedies left the court with "no basis to determine whether [the plaintiff] exhausted his administrative remedies for the claims raised in his complaint").

[10] *See Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1238 (10th Cir. 2005) ("Mr. Simmat's failure to adequately plead exhaustion . . . amounts to a failure to state a claim upon which relief can be granted." (citation omitted)).

relief and the personal capacity claims for damages[11] in the Defendants' personal capacities without prejudice[12] to refiling.

### Effect of the Recommendation on the Plaintiff's Pending Motions

Anticipating this recommendation, Mr. Lucky has moved for a stay so that he can "exhaust the administrative remedies again." Motion to Stay Proceedings at p. 1 (Sept. 20, 2005). The Plaintiff claims that he could then "provide this Court with copies of each Request to Staff and each grievance filed with the defendants." *Id.* at p. 2. But federal law requires dismissal when an inmate fails to exhaust administrative remedies prior to initiation of the suit. *See Peoples v. Gilman*, 109 Fed. Appx. 381, 383 (10th Cir. Sept. 23, 2004) (unpublished op.) (holding that the filing of a grievance after instigation of a civil suit does not satisfy 42 U.S.C. § 1997e(a)). Thus, the Court should dismiss the action rather than order a stay.[13]

---

[11] *See supra* p. 3 (discussing the "total exhaustion" rule).

[12] *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice."), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004); *see also Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 & 1222-23 (10th Cir. 2001) (remanding with directions to dismiss the complaint without prejudice based on nonexhaustion of administrative remedies).

[13] *See Alford v. Vakilian*, 191 F.3d 451, 1999 WL 775772 (6th Cir. Sept. 24, 1999) (unpublished op.) (rejecting an argument "that a stay was appropriate rather than dismissal" when the prisoner failed to exhaust administrative remedies under 42 U.S.C. § 1997e(a)); *Hall v. McCoy*, 89 F. Supp. 2d 742, 748 n.8 (W.D. Va. 2000) ("this court is without power to stay the matter pending its disposition in the prison grievance system"); *Payton v. Horn*, 49 F. Supp. 2d 791, 797 (E.D. Pa. 1999) ("the language in 42 U.S.C. § 1997e(a) . . . makes exhaustion mandatory and eliminates the court's ability to hold onto a case pending exhaustion" (footnote omitted)); *Conde v. Young*, 2000 WL 340748, Westlaw op. at 2 (D. Conn. Jan. 31, 2000) (unpublished op.) (denying an (continued...)

In addition to a stay, Mr. Lucky has also requested appointment of the United States as an intervenor to defend the constitutionality of the Religious Land Use and Institutionalized Persons Act of 2000. Motion for the United States of America to Intervene to Defend the Constitutionaly [sic] of RLUIPA (Sept. 1, 2005). This request would become moot upon adoption of the recommended dismissal. *See, e.g., Ashley Creek Phosphate Co. v. Chevron Corp.*, 76 Fed. Appx. 238, 239 (10th Cir. Sept. 17, 2003) (unpublished op.) (holding that the plaintiff's appeal of discovery orders became moot when there were "no claims pending between the principal litigants").

Finally, the Plaintiff seeks preliminary injunctive relief, discovery and a hearing. Motion to Renew Plaintiffs [sic] Pro-Se Motion for Preliminary Injunction, Expected Discovery and Expedited Hearing Memorandum of Law in Support of Plaintiffs [sic] Motion for Preliminary Injunction Stamped Filed 1-24-05 (Sept. 1, 2005). But these motions would become moot upon dismissal of the complaint. *See Ashley Creek Phosphate Co. v. Chevron Corp.*, 76 Fed. Appx. 238, 239 (10th Cir. Sept. 17, 2003) (unpublished op.) (deeming discovery issues moot because of the absence of underlying claims); *Baker v. Bray*, 701 F.2d 119, 122 (10th Cir. 1983) ("the claim upon which the request for a preliminary injunction was based . . . was dismissed by the district court, and this action certainly mooted the issue raised herein"); *Debardeleben v. Pugh*, 56 Fed. Appx. 464, 465 (10th Cir. Mar. 3, 2003)

---

[13](...continued)
inmate-plaintiff's request for a stay to exhaust administrative remedies because the plain meaning of 42 U.S.C. § 1997e(a) requires exhaustion before the initiation of suit).

(unpublished op.) (the district court's dismissal of the action rendered moot the issue involving the request for "preliminary relief pending a final judgment").

### Notice of Right to Object

The parties may object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Any such objection must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is November 7, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object to this report and recommendation would constitute a waiver of the parties' right to appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

### Docketing Instructions

The referral to the undersigned is terminated.

Entered this 18th day of October, 2005.

*[signature]*
Robert E. Bacharach
United States Magistrate Judge